UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Life Time, Inc.,

          Plaintiff,

v.

Glory Gains Gym LLC, Glory Gains LLC, Caleb Hock, Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton,

          Defendants.

Civil No. 18-1127 (DWF/LIB)

**PERMANENT INJUNCTION ORDER REGARDING THE PT DEFENDANTS AND DISMISSAL OF THE PT DEFENDANTS**

      Now before the Court is the Stipulated Joint Motion for Permanent Injunction Regarding the PT Defendants and Dismissal of the PT Defendants (the "Joint Motion"), which was filed by Plaintiff Life Time, Inc. ("Life Time") and the PT Defendants (*i.e.*, Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton). (Doc. No. [77].) This Joint Motion does not concern the Glory Gains Defendants (*i.e.*, Defendants Glory Gains Gym, LLC, Glory Gains, LLC, and Caleb Hock), and Life Time's claims against the Glory Gains Defendants in this lawsuit will continue.

      The Court is knowledgeable on this case based on the voluminous submissions and oral argument relating to Life Time's Motion for Preliminary Injunction. On June 4, 2018, this Court issued a Preliminary Injunction Order that granted Life Time's requested preliminary injunction in its entirety against both the PT Defendants and the Glory Gains

Defendants. (Doc. No. [53].) In the Preliminary Injunction Order, this Court held that Life Time is likely to succeed on its breach of contract and tortious interference claims.

The Court notes that the PT Defendants each worked as a personal trainer ("PT") at Life Time's North Scottsdale Club in Phoenix, Arizona. The PT Defendants each signed a Personal Trainer Confidentiality Agreement & Non-Compete/Non-Solicitation Agreement ("PT Agreement" or "PT Agreements"). The PT Agreements contain certain restrictions, including restrictions against working with Life Time members and restrictions against providing PT-related services within five miles of Life Time. The PT Defendants all left Life Time and began providing personal training-related services (including to Life Time members) at Life Time's competitor Glory Gains, approximately three miles away in Scottsdale, Arizona.

Based on the Joint Motion, the record submitted to the Court, and the Court's knowledge of this matter arising from the preliminary injunction hearing, the following permanent injunctive relief is hereby **ORDERED** against the PT Defendants of Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton as follows:

1. PT Defendants Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton are permanently enjoined from breaching their PT Agreements. This permanent injunction includes prohibiting these PT Defendants from:

   (a) providing personal training-related services to any former or current Life Time member with whom that PT Defendant or another PT Defendant provided PT-related services at Life Time;

(b) providing personal training-related services within five miles of Life Time's North Scottsdale Club; and

(c) using or disclosing Life Time's Confidential Business and Proprietary Information (as defined in the PT Agreements).

Thus, the member restriction in 1(a) above and in the PT Agreements is limited to providing PT-related services to any former or current Life Time member, client, or customer with whom that PT Defendant or another PT Defendant provided PT-related services at Life Time, and the non-compete geographical area in 1(b) above and in the PT Agreements is limited to within five miles (as-the-crow-flies) from the North Scottsdale Club.

2. The Settlement Agreement and this Permanent Injunction Order extend the expiration dates of 1(a) and 1(b) above by four months beyond the dates specified in the PT Agreements, resulting in the following scheduled expiration dates for certain restrictions of the PT Defendants:

| PT Defendant | Expiration of 5-Mile Non-Compete Restrictions (9 months + 4 months) | Expiration of Soliciting and/or Working with Life Time Members Restrictions (12 months + 4 months) |
|---|---|---|
| Barnett | 1/31/2019 | 4/30/2019 |
| Boyce | 1/31/2019 | 4/30/2019 |
| Henderson | 4/26/2019 | 7/26/2019 |
| Patramanis | 1/31/2019 | 4/30/2019 |
| Sollenberger | 2/18/2019 | 5/18/2019 |
| Upton | 12/17/2018 | 3/17/2019 |

The PT Defendants shall abide by these restrictions through these dates.

3. The confidential information provisions and other provisions of the PT Agreements continue according to their terms.

4. The PT Defendants are separately paying damages to Life Time.

5. The PT Defendants are all **DISMISSED** as parties from this lawsuit **WITH PREJUDICE**.

6. This Court will exercise jurisdiction over any action to enforce this Permanent Injunction Order, and any Party to this Permanent Injunction Order who violates any provision set forth above is in contempt of Court and subject to all damages and relief that this Court deems appropriate.

7. This case is not dismissed in its entirety, as this case will proceed against the Glory Gains Defendants.

Dated: November 1, 2018
           s/Donovan W. Frank
           DONOVAN W. FRANK
           United States District Judge