**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Life Time, Inc., | Civil No. 18-1127 (DWF/LIB) |
| Plaintiff, | PERMANENT INJUNCTION ORDER REGARDING THE GG DEFENDANTS AND DISMISSAL OF THE GG DEFENDANTS |
| v. | |
| Glory Gains Gym LLC, Glory Gains LLC, Caleb Hock, Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton, | |
| Defendants. | |

Now before the Court is the Stipulated Joint Motion for Permanent Injunction Regarding the GG Defendants and Dismissal of the GG Defendants (the "Joint Motion"), which was filed by Plaintiff Life Time, Inc. ("Life Time") and the GG Defendants (*i.e.*, Defendants Glory Gains Gym LLC, Glory Gains LLC, and Caleb Hock). Defendants Glory Gains Gym LLC and Glory Gains LLC are collectively referred to as "Glory Gains." This Joint Motion does not cover the PT Defendants who were previously dismissed (*i.e.*, Seth Barnett, Justin Boyce, Alyssa Henderson, Themistocles Patramanis, Autumn Sollenberger, and Corey Upton), as those defendants are covered by a separate Permanent Injunction Order. (Doc. No. 79.)

The Court is knowledgeable concerning this case based on the voluminous submissions and oral argument relating to Life Time's Motion for Preliminary Injunction. On June 4, 2018, this Court issued a Preliminary Injunction Order that granted Life Time's requested preliminary injunction in its entirety against both the GG Defendants

and the PT Defendants. (Doc. No. 53.) In the Preliminary Injunction Order, this Court held that Life Time is likely to succeed on its breach of contract and tortious interference claims. Further, this Court later granted a Permanent Injunction Order against the PT Defendants. (Doc. No. 79.)

The Court notes that the PT Defendants and Defendant Hock each worked as a personal trainer ("PT") at Life Time's North Scottsdale Club in Phoenix, Arizona. The PT Defendants and Defendant Hock each signed a Personal Trainer Confidentiality Agreement & Non-Compete/Non-Solicitation Agreement ("PT Agreement" or "PT Agreements"). The PT Agreements contain certain restrictions, including restrictions against working with Life Time members and restrictions against providing PT-related services within five miles of Life Time. The PT Defendants and Defendant Hock all left Life Time and began providing personal training related services (including to Life Time members) at Life Time's competitor Glory Gains, approximately three miles away from Life Time's North Scottsdale Club.

Based on the Joint Motion, the record submitted to the Court, and the Court's knowledge of this matter arising from the preliminary injunction hearing, the following permanent injunctive relief is hereby **ORDERED** individually and collectively against the GG Defendants of Glory Gains Gym LLC, Glory Gains LLC, and Caleb Hock as follows:

1. GG Defendants are permanently enjoined from tortiously interfering with the PT Agreements of the PT Defendants. This permanent injunction also includes prohibiting the GG Defendants from: (a) allowing any personal trainer who has an

Agreement with Life Time and is still within the restrictive time period in that Agreement to provide any personal training-related services through Glory Gains within five miles of Life Time's North Scottsdale Club; (b) allowing any personal trainer who has an Agreement with Life Time and who is still within the restrictive time period in that Agreement to provide any personal training-related services through Glory Gains to former and/or current Life Time members; and (c) using confidential Life Time information. The references in (a) and (b) in the previous sentence to "any personal trainer who has an agreement with Life Time and is still within the restrictive time period" applies to any personal trainer in addition to the PT Defendants (*i.e.*, beyond Barnett, Boyce, Henderson, Patramanis, Sollenberger, and Upton) and who is still within his or her restrictive period contained in an Agreement with Life Time. Otherwise stated, the GG Defendants have an affirmative duty to screen and confirm that **any** former Life Time personal trainer who provides personal training-related services at Glory Gains or by Hock is outside of any restrictive periods contained in an Agreement with Life Time.

2. The GG Defendants must honor the PT Agreements of the PT Defendants for the remainder of their terms plus 4 months, which means honoring the following:

| PT Defendant | Expiration of 5-Mile Non-Compete Restrictions (9 months + 4 months) | Expiration of Soliciting and/or Working with Life Time Members Restrictions (12 months + 4 months) |
|---|---|---|
| Barnett | 1/31/2019 | 4/30/2019 |
| Boyce | 1/31/2019 | 4/30/2019 |
| Henderson | 4/26/2019 | 7/26/2019 |
| Patramanis | 1/31/2019 | 4/30/2019 |
| Sollenberger | 2/18/2019 | 5/18/2019 |
| Upton | 12/17/2018 | 3/17/2019 |

3.      By a separate Settlement Agreement, the Glory Gains Defendants are paying damages, including attorney fees.

4.      The GG Defendants are all **DISMISSED** as parties from this lawsuit **WITH PREJUDICE**.  Further, this lawsuit is **DISMISSED WITH PREJUDICE**, as there are no remaining Defendants.

5.      This Court will exercise jurisdiction over any action to enforce this Permanent Injunction Order, and any Party to this Permanent Injunction Order who violates any provision set forth above is in contempt of Court and subject to all damages and relief that this Court deems appropriate.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 13, 2019          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge